# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL D. LaMARCH,

    Plaintiff,

    v.                                                               Case No. 13-CV-32

BART D. SCHULTZ,
CASLIN MORTGAGE LLC,
DEBRA M. SPEIDEL,
AMERICAN MORTGAGE LLC,
STEWART TITLE GUARANTY COMPANY,
ATTORNEY DAVID SILBERMAN,
BANK OF AMERICA,
FORWARD FINANCIAL BANK, and
AREA TITLE LLC,

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT AND DISMISSING CASE

The plaintiff, a federal prisoner, filed a *pro se* 42 U.S.C. §1983 complaint against the defendants. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint. Plaintiff has been assessed and paid an initial partial filing fee of $7.33.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint's allegations are related to plaintiff's criminal case, *United States v. LaMarch*, Case Number 1:08-cr-00048-WCG (E.D. Wis.). In that case, plaintiff pleaded guilty to three charges: (1) 26 U.S.C.§ 7202, failure to account and pay over payroll taxes; (2) 26 U.S.C. § 7206(1), filing a false tax return; and (3) 18 U.S.C. §§ 2 and 1343, wire fraud. On January 14, 2009, United States District Judge William C.Griesbach sentenced him to a total of 72 months imprisonment. Plaintiff is currently serving his sentence at Lexington Federal Medical Center in Lexington, Kentucky.

In this case, the plaintiff does not allege any facts in support of a claim under 42 U.S.C. § 1983. Instead, plaintiff alleges that a number of individuals and corporate entities conspired to manipulate his federal charges and sentence in violation of 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States) and other criminal statutes. However, neither 18 U.S.C. § 371 nor the other criminal statutes cited create private causes of action. Individuals may not file criminal

charges in federal courts. A criminal proceeding is initiated by the government, usually through the United States attorney's office in coordination with a law enforcement agency. Additionally, prosecutors have absolute immunity with regard to charging decisions, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), as do judges with regard to sentencing, *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). The plaintiff's complaint contains no other federal claims, and it will be dismissed for failure to state a claim.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Director of the Bureau of Prisons or his designee shall collect from the plaintiff's prison trust account the $342.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 10th day of July, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge